IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILIP MIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| ALABAMA POWER COMPANY, a | ) | |
| corporation, and PIKE ELECTRIC, | ) | |
| INC., a corporation, | ) | CV-04-CO-3048-S |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Philip Mixon, and for his Complaint against Defendant, Alabama Power Company, a corporation, and Pike Electric, Inc., a corporation (collectively "Defendants"), and states as follows:

### I. NATURE OF THE CASE

1. This lawsuit is brought by Plaintiff, Philip Mixon, who seeks declaratory and injunctive relief, compensatory damages, punitive damages and backpay arising from Defendants' violation of the rights guaranteed Plaintiff under the First, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981 & 1983, and the Equal Protection Clause; Plaintiff further seeks said relief arising from Defendants' tortious actions.

### II. JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to the First, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981 & 1983, the Equal Protection Clause, and Alabama common law tort claims.

3. Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. § 1367, and 42 U.S.C. § 2000e.

4. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202 (declaratory judgments), Rule 57 of the Federal Rules of Civil Procedure, and 42 U.S.C. § 1983.

5. Venue is proper in this the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) as this action arises under the laws of the United States and each Defendant resides within the State of Alabama; moreover, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within the Northern District of Alabama (28 U.S.C. § 81).

6. Defendants are located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

### III. PARTIES

7. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

8. Plaintiff Philip Mixon ("Plaintiff" or "Mr. Mixon") is an adult citizen of the United States and of the State of Alabama; Plaintiff further is a resident of this Judicial District; Plaintiff is a white male.

9. Plaintiff is a forty-three (43) year-old African-American male resident of the United States and the State of Alabama, residing in Shelby County, Alabama.

10. Plaintiff is a resident of this judicial district.

11. Plaintiff was employed by Defendants at all times material hereto.

12. Plaintiff was an employee of Defendants within the meaning of any and all laws applicable to Plaintiff's claims stated herein.

13. Defendant Alabama Power Company, a corporation, ("ALPCO") is **a division of the State of Alabama** and is authorized to do business in the State of Alabama, and employs a least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of 42 U.S.C. §§ 1981 & 1983. This action is brought within the state wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. § 2000e-5(f)(3).

14. Defendant Pike Electric, Inc., ("Pike") is a corporation doing business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of § 1983. This action is brought within the state wherein the unlawful employment practices were committed, making venue proper under 42 U.S.C. § 2000e-5(f)(3).

15. Defendants are an employer within the meaning of any and all laws applicable to Plaintiff's claims stated herein.

## IV. FACTUAL BACKGROUND

16. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

17. Mr. Mixon began working for Pike Electric as a Groundman on or about 1993-1994. On or about 1995 Mr. Mixon attained the position of C-Class Lineman, basically a lineman apprentice.

18. On or about 1996 Mr. Mixon attained the position of B-Class Lineman. On or about 1997-1998 Mr. Mixon attained the position of A-Class Lineman.

3

19. Throughout his employment with Pike, Mr. Mixon was subjected to different terms and conditions of employment in comparison to similarly situated white employees.

20. Throughout his employment with Pike, Mr. Mixon heard other employees make inappropriate remarks about African-American employees; for example, but not limited to, "Niggers cannot do line work"; "niggers are dumb as hell"; " niggers won't work;" "spooks"; "porch-monkeys". These statements were made by management, employees, and/or agents/contractors of Alabama Power and/or Pike Electric. Plaintiff placed Defendants on notice of said remarks.

21. On or about October 23, 2002, while working on a job in Montgomery, Alabama, management, employees, and/or agents/contracts of Alabama Power and/or Pike Electric employed a racially motivated scheme to insult Mr. Mixon; specifically, said individuals constructed and placed several "hangman's nooses" around Mr. Mixon's work barricade. Plaintiff placed Defendants on notice of this incident.

22. On or about March 5, 2003 Pike Electric terminated Mr. Mixon's employment with Pike. Said termination was based on Mr. Mixon's race.

V. CLAIMS

COUNT ONE

RACE DISCRIMINATION – 42 U.S.C. §§ 1981 & 1983

23. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff has been intentionally discriminated against on the basis of race in violation of 42 U.S.C. §§ 1981 and 1983 based on the following:

4

    A. Plaintiff was discriminated against in the terms and conditions of his employment.

    B. Plaintiff was held to a higher standard than other similarly situated white employees, and had different work rules imposed upon him.

    C. Plaintiff was subjected to frequent unmerited disciplinary actions.

    D. Throughout his employment with Pike, Mr. Mixon heard other employees make inappropriate remarks about African-American employees; for example, but not limited to, "Niggers cannot do line work"; "niggers are dumb as hell"; " niggers won't work;" "spooks"; "porch-monkeys". These statements were made by management, employees, and/or agents/contractors of Alabama Power and/or Pike Electric.

    E. On or about October 23, 2002, while working on a job in Montgomery, Alabama, management, employees, and/or agents/contracts of Alabama Power and/or Pike Electric employed a racially motivated scheme to insult Mr. Mixon; specifically, said individuals constructed and placed several "hangman's nooses" around Mr. Mixon's work barricade.

    F. On or about March 5, 2003 Pike Electric terminated Mr. Mixon's employment with Pike. Said termination was based on Mr. Mixon's race.

  25. In taking the actions described above, Defendants intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

  26. Similarly situated white employees were not treated in a similar fashion as Plaintiff.

  27. Defendants' actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

28. Defendants exercise a pattern or practice of racial discrimination.

29. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3) embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT TWO

### RETALIATION – 42 U.S.C. §§ 1981 & 1983 and the First Amendment to the United States Constitution

30. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

31. Plaintiff has been intentionally retaliated against for voicing his concerns to Defendants' supervisory/management personnel regarding the racial motivated discriminatory treatment he received during his employment with Defendants in violation of 42 U.S.C. §§ 1981 and 1983 based on the following:

    A. Plaintiff was retaliated against in the terms and conditions of his employment.

    B. Plaintiff was held to a higher standard than other similarly situated white employees, and had different work rules imposed upon him.

    C. Plaintiff had the terms and conditions of his employment changed. Plaintiff had job responsibilities added to his work duties.

    D. Plaintiff was subjected to frequent unmerited disciplinary actions.

    E. On or about October 23, 2002, while working on a job in Montgomery,

Alabama, management, employees, and/or agents/contracts of Alabama Power and/or Pike Electric employed a racially motivated scheme to insult Mr. Mixon; specifically, said individuals constructed and placed several "hangman's nooses" around Mr. Mixon's work barricade.

F. Plaintiff voiced his concern regarding these matters to Defendants' supervisory/management personnel.

G. On or about March 5, 2003 Pike Electric terminated Mr. Mixon's employment with Pike.

32. In taking the actions described above, Defendants intentionally retaliated against Plaintiff for Plaintiff voicing his concerns to Defendants regarding its racially discriminatory conduct.

33. Similarly situated employees who had not opposed discrimination were not treated in a similar manner as Plaintiff.

34. Plaintiff complained about Defendants' retaliatory actions and Defendants failed to take corrective actions to prevent said retaliation.

35. Defendants' actions were in violation of 42 U.S.C. §§ 1981 & 1983 and the First Amendment to the United States Constitution.

36. Defendants exercise a pattern or practice of retaliation against individuals engaging in protected activity.

37. Defendants' actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

38. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3)

7

embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT THREE

### Negligence, Wantonness – Hiring

39. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

40. Defendants exercised unreasonable and/or wanton conduct regarding its decision to hire its employees who took part in the conduct referenced above.

41. Defendants had notice or knowledge, or in the exercise of reasonable care should have had notice or knowledge, regarding the discriminatory, retaliatory, and otherwise unlawful employment propensities of it employees.

42. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3) embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT FOUR

### Negligence, Wantonness – Retention

43. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

44. Defendants exercised unreasonable and/or wanton conduct regarding its decision to retain its employees who took part in the conduct referenced above.

45. Defendants had notice or knowledge, or in the exercise of reasonable care should

8

have had notice or knowledge, regarding the discriminatory, retaliatory, and otherwise unlawful employment propensities of its employees.

46. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3) embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT FIVE

### Negligence, Wantonness – Supervision/Monitoring

47. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

48. Defendants Sparks exercised unreasonable and/or wanton conduct regarding their its inadequate supervision and/or monitoring of its decision to retain its employees who took part in the conduct referenced above.

49. Defendants had notice or knowledge, or in the exercise of reasonable care should have had notice or knowledge, regarding the discriminatory, retaliatory, and otherwise unlawful employment propensities of its employees.

50. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3) embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT SIX

### Suppression, Concealment

51.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     Defendants knew and understood or, in the exercise of reasonable care, should have known and understood the discriminatory, retaliatory, and otherwise unlawful employment propensities possessed by its employees who took part in the conduct referenced above.

53.     Despite said knowledge and recognition of the risks and dangers which were posed to Plaintiff, Defendants negligently, wantonly, and/or willfully failed to protect and/or provide adequate and proper instructions and/or warnings to the Plaintiff, when Defendants knew or, in the exercise of reasonable care, should have known that such protection, instructions, and/or warnings were necessary in order to avoid an unreasonable risk to Plaintiff.

54.     Defendants knew or, in the exercise of reasonable care, should have known that the absence of such protection, instruction, and/or warning would prevent Plaintiff from taking actions necessary to insure his own safety and well-being.

55.     Had Plaintiff known of the facts that were suppressed or concealed by Defendants, Plaintiff would have been able to exercise precautions which would have prevented him from being subjected to the unlawful conduct stated above.

56.     The aforesaid acts and omissions were a direct and proximate cause of Plaintiff's injuries stated above.

57.     As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3)

embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## COUNT SEVEN

### Outrage, Intentional Infliction of Emotional Distress

58. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

59. Defendants actions, inactions and/or omissions pleaded herein involved extreme and outrageous conduct and caused severe emotional distress and mental anguish to the Plaintiffs.

60. Defendants conduct was so outrageous in character and so extreme in degree so as to be regarded as atrocious and utterly intolerable in a civilized society.

61. Defendants knew or, in the exercise of reasonable care, should have known that emotional distress, mental anguish, harm, bodily injury, pain and suffering would likely result from the aforesaid conduct. Said conduct was so outrageous in character and so extreme in degree so as to go beyond all bounds of decency.

62. As a proximate result of Defendants' actions and conduct towards Plaintiff as described above, Plaintiff has suffered: (1) reputation damage; (2) humiliation; (3) embarrassment; (4) mental distress; (5) public ridicule; (6) threats; (7) harassment; (8) condemnation by his peers; and, (9) pecuniary loss.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Honorable Court grant the following relief after a trial by jury:

   A. Grant Plaintiff a declaratory judgment that the practices complained of herein violate Plaintiff's rights guaranteed under the First, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981 & 1983, and the state law claims stated herein;

   B. Grant Plaintiff an Order enjoining Defendants and all persons acting in concert with Defendants from engaging in conduct made the subject of Plaintiff's claims stated herein;

   C. Grant Plaintiff the appropriate amount of backpay, damages, a pay raise with backpay in the amount Plaintiff would have earned but for Defendants' discriminatory, retaliatory, and otherwise unlawful conduct made the subject of Plaintiff's claims stated herein, or in the alternative, frontpay;

   D. Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

   E. Grant Plaintiff an award of his costs and expenses incurred by bringing and maintaining this action, including and award of reasonable attorney's fees; and,

   F. Grant Plaintiff an award of such other relief as may be appropriate.

Respectfully submitted,

_____
Coker B. Cleveland (CLE-040)
Attorney for Plaintiff
Philip Mixon

**OF COUNSEL:**

CLEVELAND & VICKERS, LLC
Colonial Plaza Building
2101 Sixth Avenue North
Suite 115
Birmingham, Alabama 35203
Telephone: 205.328.1217
Facsimile: 205.328.9184
Email: cbc@cvlaw1.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

*/s/ C. B. Vickers*
OF COUNSEL

**PLAINTIFF'S ADDRESS:**

Philip Mixon
133 Cohill Drive
P.O. Box 1266
Alabaster, Alabama 35007

13

**PLEASE SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED:**

Alabama Power Company
C/O Steve Fleming
Registered Agent
600 North Eighteenth Street
Birmingham, Alabama 35291


Pike Electric, Inc.
C/O The Corporation Company
Registered Agent
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109